CASE NO.: 17-CV-20573

ENRIQUE ARRIETA SOLANA,

    Plaintiff,

vs.

ALL AMERICAN WASTE & RECYCLING, LLC and
ALEXANDER MONTEAGUDO,

    Defendants.
_____/

# COMPLAINT

Plaintiff, Enrique Arrieta Solana, sues Defendants, All American Waste & Recycling, LLC and Alexander Monteagudo, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Enrique Arrieta Solana**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who consents to join in this lawsuit.

2.     **Defendant, All American Waste & Recycling, LLC,** is a Florida for-profit limited liability corporation that is authorized to conduct and that actually conducts its business throughout this District, with an office / place of business within this District, and it is *sui juris*.

3.     **Defendant, Alexander Monteagudo**, was at all material times a resident of this District; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's wages.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com* *www.fairlawattorney.com*

4. Defendants were direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed the Plaintiff.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants employed Plaintiff in this District, because Plaintiff worked in this District, because Defendants paid Plaintiff in this District, and because most of the actions complained of occurred within this District.

6. This Court has original jurisdiction over Plaintiff's federal question claim and pendent/supplemental jurisdiction over his related Florida state-law claims.

*Background Facts*

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

8. Defendants have been at all times material engaged in interstate commerce in the course of their provision of construction, debris hauling, and related services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

9. Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

10. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

2

11. Plaintiff worked for Defendants from December 18, 2014 through and including October 17, 2016.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

13. Plaintiff worked for Defendants as a "driver" who hauled ashes from an incinerator located in South Florida to a dumpsite located in South Florida.

14. During this time, Plaintiff regularly and routinely utilized vehicles, cellular telephones, gasoline, oil, and other goods and supplies that moved through interstate commerce.

15. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

16. Plaintiff and Defendants agreed to pay Plaintiff an hourly rate of $35.00/hour.

17. Plaintiff routinely worked approximately 45 to 50 hours per week without receipt of overtime pay at a rate of one and one-half times his regular rate of pay.

18. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I – FLSA MINIMUM WAGE VIOLATION**

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

20. Defendants willfully and intentionally refused to pay Plaintiff at least a minimum wage of $7.25 per hour for each of the hours that he worked for Defendants during the relevant time period by improperly deducting a total of $21,000 from his pay, thereby bringing his weekly wages to below a minimum wage.

21. Defendants further reduced Plaintiff's wages by deducting for insurance on the vehicle he drove.

22. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the minimum wages he earned.

23. Plaintiff is entitled to a back pay award of minimum wages for all unpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Enrique Arrieta Solana, demands the entry of a judgment in his favor and against Defendants, All American Waste & Recycling, LLC and Alexander Monteagudo, jointly and severally after trial by jury and as follows:

   a. That Plaintiff recovers compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recovers pre-judgment interest if he is not awarded liquidated damages;

   c. That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

d. That the Defendants be Ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. That Plaintiff recovers all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

**COUNT II – FLSA OVERTIME VIOLATION**

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

24. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate of $35.00 per hour for all hours worked over 40 hours in a given workweek.

25. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of one and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

26. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned.

27. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

WHEREFORE Plaintiff, Enrique Arrieta Solana, demands the entry of a judgment in his favor and against Defendants, All American Waste & Recycling, LLC and Alexander Monteagudo, jointly and severally after trial by jury and as follows:

    a.    That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendants within the past three years as provided under the law and in 29 U.S.C. § 216(b)

    b.    That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

    c.    That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    d.    That the Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    e.    All interest allowed by law; and

    f.    Such other and further relief as the Court deems just and proper.

**COUNT III – VIOLATION OF 26 U.S.C. §7434**
**(Against All American Waste & Recycling, LLC)**

Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

28. Defendant, All American Waste & Recycling, LLC, had an obligation to provide correct information returns to the IRS and to the Plaintiff.

29. Defendant, All American Waste & Recycling, LLC, served/filed or caused to be

6

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

served/filed knowingly false annual tax returns for the 2014, 2015, and 2016 calendars year by misclassifying Plaintiff as an independent contractor when Plaintiff clearly was an employee and then failing to properly identify him as an employee and pay the required employment taxes on his behalf.

30. Defendant, All American Waste & Recycling, LLC, provided paychecks to Plaintiff and is directly responsible for the issuance of paychecks to Plaintiff, calculations of withholdings from Plaintiff's pay, the payment of taxes to the IRS, the preparation of their annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

31. Plaintiff suffered damages as a result of Defendant's willful provision of false information returns, including the overpayment of taxes as a independent contractor, the failure to receive the require contribution to his taxes by his employers, the lack of a contribution to social security, and the like, as a result of Defendants' intentional and willful acts as described above.

32. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Enrique Arrieta Solana, demands the entry of a judgment in his favor and against Defendant, All American Waste & Recycling, LLC, after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed by Defendant for each year during the past six (6) years or the damages proximately caused by Defendant's conduct for each year during the past six (6) years;

b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

a. Such other and further relief as the Court deems just and proper.

**COUNT IV – BREACH OF CONTRACT**
**(Against All American Waste & Recycling, LLC)**

Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

33. Plaintiff and Defendant, All American Waste & Recycling, LLC, agreed that in exchange for the payment of $21,000, through deductions of $2,000 from Plaintiff's paychecks per month, he would receive title to and possession of a work truck.

34. Plaintiff performed under the parties' contract/agreement by permitting Defendant to deduct Plaintiff's wages as aforesaid.

35. Defendant, All American Waste & Recycling, LLC, has failed and refused to tender title to and possession of the work truck, despite his demand for same, thereby breaching

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

the Contract.

36. Plaintiff has been damaged in the amount of $21,000.00 as a result of Defendant's failure to perform under the parties' contract.

WHEREFORE Plaintiff, Enrique Arrieta Solana, demands that this Court enter a judgment in his favor and against Defendant, All American Waste & Recycling, LLC, in the amount of $21,000.00, plus pre-judgment and post-judgment interest, and to award such other and further relief as this Court deems just and proper.

### COUNT V – BREACH OF CONTRACT
### (Against All American Waste & Recycling, LLC)

Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

37. Plaintiff performed under the parties' contract/agreement by performing work for Defendant by driving the designated vehicle, at the designated times, with the designated load(s), to the designated location(s), in furtherance of their agreement that he would receive $35.00 per hour.

38. Defendant, All American Waste & Recycling, LLC, has failed and refused to pay Plaintiff the wages he earned by deducting the total aggregate amount of $21,000.00 from his wages at a rate of $2,000.00 per month (except for the month that $1,000 was deducted).

39. Defendant, All American Waste & Recycling, LLC, also failed and refused to pay Plaintiff the wages he earned by also deducting for insurance on the vehicle he drove.

40. Plaintiff has been damaged as a result of Defendant's failure to pay him the agreed-upon amount by taking deductions from his pay as set forth above.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

WHEREFORE Plaintiff, Enrique Arrieta Solana, demands that this Court enter a judgment in her favor and against Defendant, All American Waste & Recycling, LLC, for the wages owed to him, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT VI – UNJUST ENRICHMENT
### (Against All American Waste & Recycling, LLC)

Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

41. Plaintiff provided labor and services for Defendant, All American Waste & Recycling, LLC, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

42. Plaintiff expected to be paid a reasonable value for the labor and services, he provided to and that he expended on behalf of Defendant, All American Waste & Recycling, LLC.

43. Defendant, All American Waste & Recycling, LLC, has been unjustly enriched in that they have failed and refused to make payment to Plaintiff for such benefits.

WHEREFORE Plaintiff, Derwuin Enrique Salas Chirinos, demands the entry of a judgment in his favor and against Defendant, Kelly Glass & Mirror, Corp, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 14th day of February, 2017.

        Respectfully Submitted,

        FAIRLAW FIRM
        7300 N. Kendall Drive
        Suite 450
        Miami, FL 33156
        Tel:    305.230.4884
        Fax:   305.230.4844

        *s/Brian H. Pollock, Esq.*
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com

11

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*