UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 17-CV-20573

ENRIQUE ARRIETA SOLANA,

     Plaintiff

vs.

ALL AMERICAN WASTE &
RECYCLING, LLC and ALEXANDER
MONTEAGUDO,

     Defendants

_____ /

## DEFENDANTS' RESPONSE AND OBJECTION TO MOTION TO SHOW CAUSE

Defendants Enrique Arrieta and All American Waste respond to the Plaintiff's Motion to Show Cause and state:

1.     Plaintiff has filed a motion to show cause as follows:

    a.     Failure by Alexander Monteagudo to appear for Scheduling Conference on May 31, 2017.  (Paragraph 5 of the motion)

    b.     Defendants failed to provide a copy of an insurance policy and/or lack of candor with the Court for representing that a commercial truck was insured when in fact it was not.

2.     Plaintiff has moved this Court to hold defendants in contempt and to enter an appropriate coercive sanction and other sanctions.

## FACTUAL BACKGROUND

3.    Judge James Lawrence King entered the "Order Referring Case to Magistrate Judge
      Torres for Settlement Conference" on February 15th, 2017, and required that "the
      appearance of counsel and each party or representative of each party with full authority to
      enter into a full and complete compromise and settlement is mandatory" (paragraph 5 of
      the order).

4.    Defendant Alexander Monteagudo failed to appear at the settlement conference because
      his undersigned counsel, through inadvertence, belatedly notified Mr. Monteagudo the
      day before the hearing, and at that time defendant Monteagudo was in Cuba visiting his
      grandmother.  He was unable to return to the United States through no fault of his.

5.    Mr. Monteagudo had no willful intent not to show for the settlement conference, and Mr.
      Monteagudo does not in any manner dispute his obligation to comply with all orders of
      the Court.

6.    Being unable to appear at the hearing, Mr. Monteagudo asked his wife Iramy Monteagudo
      to appear on his behalf as his representative.

7.    Plaintiff next addresses the following issue, that:

      a.    At the conclusion of the Settlement Conference, and based on the discussions held
            therein, U.S. Magistrate Judge Edwin G. Torres required that the Defendants
            provide to the Plaintiff a copy of the insurance policy for the vehicle driven by the
            Plaintiff and for Plaintiff to provide a copy of his tax returns to the Defendants.

      b.    That Plaintiff complied.

8.    Defendant acknowledges that he was to provide a copy of the insurance policy.  However,

after further research, it appears that the truck in question was not insured.

9.      It should be noted that All American Waste has a large fleet of trucks, now numbering eight vehicles, and Ms. Monteagudo, no longer being the manager of the company, was apparently mistaken whether the truck in question was insured.

10.     It is undisputed that All American Waste collected insurance premiums for the vehicle from Plaintiff.  In total All American Waste collected six payments of $615.83 during the period May 2016 through October 2016 for a total of $3,694.98, and legal interest thereon is $288.75 through November 2017, the total being $3,983.73. Contemporaneous with the filing hereof, Defendant Alex Monteagudo has tendered a certified check to Fairlaw Firm trust account in said amount, without prejudice to any claims of Plaintiff.

11.     While Plaintiff states that "he complied" with the order, this may not be correct, because Plaintiff submitted an unsigned copy of the tax return, and did not submit the return until July 12th, 42 days after Judge Torres's oral requirement.

12.     The present status of the case is as follows:

     a.     Defendant Alexander Monteagudo has submitted answers to interrogatories wherein he has acknowledged that the truck was not insured and no insurance policy is available to be submitted.

     b.     Discovery is on-going and Defendants have fully complied with Plaintiff's first request to produce and they have answered Plaintiff's interrogatories.  There is a second request to produce filed by Plaintiff as to which the production is not yet due.

     c.     Depositions have been scheduled for later this month.

d.   Except as stated herein and the pending motion to show cause, the Defendants are in compliance with their respective obligations under the orders and rules of court.

VIOLATION OF COURT ORDER BY PLAINTIFF

13.   While acknowledging the foregoing, Defendants take issue with Plaintiff's motion and submit to the Court that Plaintiff himself violated the Order of Judge King, because the order required that:

a.   "All discussions, representations and statements made at the mediation conference shall be confidential and privileged.  Nothing disclosed in the settlement conference can be used for any purpose except settlement.

14.   The Plaintiff's motion references and discloses the discussions that took place before Magistrate Judge Edwin G. Torres.

15.   At a minimum, the Plaintiff's motion should have been filed confidentially, for the Court's eyes only, under seal.

MEMORANDUM OF LAW

Plaintiff's memorandum of law cites to *In Re Novak*, 932 F.2d 1397, 1400 (11th Cir. 1991), for the proposition that a party does not have the right to merely disregard a court order based on his or her subjective opinion as to the correctness of the order.  The issue thus raised has no application herein, because Defendants do not now, and they have never, maintained or suggested that they were free to disregard a court order.  As pertains to the failure of Defendant Monteagudo to appear in person at the settlement conference, the evidence is clear that this happened through inadvertence caused by undersigned counsel,  and Defendant Monteagudo was unable to remedy the problem, except through is effort to have his wife Iramy

Monteagudo appear on his behalf as his representative.

As for the error regarding the existence of an insurance policy on the truck, it is regretful that defendant's wife was not fully informed and that she accordingly provided erroneous information about the existence of an insurance policy.  Mr. Monteagudo should indeed have been there and he would have been responsible to provide the correct information to the Court.

All of the foregoing must be considered in light of the motion for contempt and rule to show cause.  The motion for contempt proceedings involve: "(1) issuance of an order; (2) following disobedience of that order, issuance of a conditional order finding the recalcitrant party in contempt and threatening to impose a specified penalty unless the recalcitrant party purges itself of contempt by complying with prescribed purgation conditions; and (3) exaction of the threatened penalty if the purgation conditions are not fulfilled. *Keegan v. Lawrence*, 778 F. Supp. 523, 525 (S.D. Fla. 1991), citing to *Piambino v. Bestline Products, Inc.*, 645 F. Supp. 1210 (S.D. Fla. 1986).

In the instant case, while the Defendant Monteagudo failed to strictly comply with the order of Judge King requiring defendant to appear for the settlement conference, there is presently no situation that requires Mr. Monteagudo's purgation.  He is now in compliance with all court-imposed requirements.

As for the error in stating that there was insurance on the truck, Mr. Monteagudo assumes responsibility for the error, but it was clearly not intentional and moreover, except to repay plaintiff the insurance payments he has made, purgation is not a possibility.  Toward that end, as stated herein, Mr. Monteagudo has provided a certified check for the stated amount and which will be delivered to Plaintiff's counsel on November 14th.

CONCLUSION

While the Defendants may have made inadvertent errors in their compliance with the orders of the Court, such errors were not intentional, they are not of an on-going nature such that purgation is called for or possible, and accordingly, the motion of Plaintiff should be denied.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by filing in CM/ECF on this 13th day of November, 2017, which will effect service on Brian Pollock, Esq., of Fairlaw Firm, brian@fairlawattorney.com, cynthia@fairlawattorney.com, counsel for Plaintiff, 7300 N. Kendall Drive, Suite 450, Miami, FL 33156.

MARTYN VERSTER, P.A.
9425 Sunset Drive, Suite 124
Miami, FL 33173
305-279-2713

Martyn W.D. Verster

E-mail addresses:
primary: versterlaw@msn.com
martyn@theclosingcompany.net
johanna@theclosingcompany.net