UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 17-CV-20573

ENRIQUE ARRIETA SOLANA,

    Plaintiff

vs.

ALL AMERICAN WASTE & RECYCLING, LLC and ALEXANDER MONTEAGUDO,

    Defendants

DEFENDANTS' ANSWERS AND AFFIRMATIVE DEFENSES

_____ /

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants ALL AMERICAN WASTE & RECYCLING, LLC and ALEXANDER MONTEAGUDO, by and through undersigned counsel, file this ANSWER and state as follows:

1. Defendants admit the allegations contained in paragraphs 2, 5, 6, 28, 45, 51, 53, 56, and 61.

2. Defendants have no knowledge of the allegations contained in paragraphs 1, 14, 15, and 19 and demand strict proof thereof.

3. Defendants deny the allegations contained in paragraphs 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 46, 48, 49, 50, 52, 54, 55, 57, 58, 59, 60, 62, 63, 64, and 65.

4. Defendants state that the statutory language cited in paragraphs 32, 44, and 47 speaks for itself and require no admissions or denials of the respective allegations.

5. All allegations not specifically admitted herein are denied.

6. Defendants have retained undersigned counsel to represent them in this action and have agreed to pay him a reasonable fee for all services rendered.

7. Defendants claim entitlement to recover their attorney's fees and litigation costs against Plaintiff pursuant to the reciprocal provisions of 29 U.S.C. Sec. 216(b), 26 U.S.C. Sec. 7434 and Fla. Stat. 520.07, Fla. Stat. 57.105(7), and Fla. Stat. 448.08.

Wherefore Defendants demand the entry of a judgment of involuntary dismissal against Plaintiff, together with judgment in Defendants' favor for attorney's fees and litigation costs.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE: ESTOPPEL AS TO COUNTS 1 AND II.

8. Plaintiff represented to the defendants that he was an owner-operator of trucks and that he was ready, willing and able to provide truck hauling services to defendants as an independent contractor at the owner-operator rate of $35.00 hourly, and Plaintiff did agree and did provide hauling services as an independent contractor.

9. Defendants reasonably relied upon the Plaintiff's representations and did enter into a verbal agreement that Plaintiff provide such hauling services as an independent contractor, at the rate of $35.00 hourly. In reliance on the agreement, Plaintiff did accept the independent contractor arrangement with Plaintiff and Defendants did pay Plaintiff monthly for his services at the hourly rate of $35.00. If Plaintiff had worked for the defendants as an employee, his hourly wage would have been approximately $12.00 hourly. To the extent that Plaintiff now claims to have been an employee, his hourly pay should be adjusted to $12.00 hourly, with an hourly credit

of $23.00 for the benefit of defendants and for all hours previously paid to the Plaintiff at the $35.00 hourly rate.

10. Because Defendants reasonably and detrimentally relied upon Plaintiff's agreement to work as an independent owner-operator, he is estopped to claim that he worked as an hourly employee subject to withholding and overtime regulations.

SECOND AFFIRMATIVE DEFENSE: BONA FIDE ERROR AS TO COUNT III.

11. Defendants conduct constitutes a Bona Fide error as that term may apply to the filing of a fraudulent information return under 26 U.S.C. 7434.

12. Defendants committed an error in withholding deductions based on the reasonable reliance on Plaintiff's agreement that he had the qualifications, ability, willingness, and owner-operator equipment necessary to provide independent contractor hauling services.

13. Defendants maintain procedures reasonably adapted to avoid any such error, but the error occurred nonetheless and unintentionally.

THIRD AFFIRMATIVE DEFENSE: PRIOR BREACH AS TO COUNT IV

14. The Plaintiff and Defendant All American Waste were parties to a verbal agreement whereby Plaintiff agreed to pay the Defendant the sum of $1,400.00 monthly for a total of 14 payments, whereupon the Defendant would convey title to the truck to the Plaintiff.

15. The Plaintiff breached the agreement and failed to make the agreed-upon monthly payments. After making the first six (6) payments, the Plaintiff stopped making all further payments that became due and payable, and Plaintiff is therefore in default of the payments of $11,200 that had to be paid prior to triggering defendant All American Waste's obligation to convey title to the Plaintiff.

16. The Plaintiff's breach in failing to pay the agreed-upon payments occurred prior to any breach by the Defendant All American Waste.

### FOURTH AFFIRMATIVE DEFENSE: FAILURE OF CONDITON PRECEDENT AS TO COUNT IV

17. Plaintiff's cause of action for breach of contract is barred based on the Plaintiff's failure to perform a condition precedent.

18. The continued payment in full of $19,600.00 was a condition precedent to the Defendant All American Waste's obligation to convey title to the truck to the Plaintiff.

19. Plaintiff did not make all the agreed-upon payments and ceased making payments after paying $8,400.00, leaving an outstanding balance of $11,200.

20. Because Plaintiff failed to make all the agreed-upon payments, the defendant All American Waste was not required to finalize performance under the contract and to convey title to the truck to the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE: SET-OFF AS TO ALL COUNTS

21. Plaintiff's causes of action as alleged in all paragraphs are barred by the doctrine of payment.

22. Prior to commencement of this action, Plaintiff discharged Plaintiff's claim and each item of it by payment.

Respectfully submitted,

S/ Martyn W.D. Verster, Esq.
Florida Bar Number: 374067
Versterlaw@msn.com
9425 Sunset Drive, Suite 124
Miami, Florida 33173
Telephone: 305-279-2713
Facsimile:   305-777-8861
Attorney for Defendants All American Waste & Recycling, LLC and Alexander Monteagudo

E-mail addresses:
primary: versterlaw@msn.com
martyn@theclosingcompany.net
johanna@theclosingcompany.net

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email on November 28, 2017 on all counsel or parties of record on the Service List below.

S/ Martyn W.D. Verster

SERVICE LIST

Brian H. Pollock, Esq.
Brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, Florida 33156
Phone: 305-230-4884
Fax:    305-230-4844
Attorney for Plaintiff ENRIQUE ARRIETA SOLANA