# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-20573-Civ-KING/TORRES

ENRIQUE ARRIETA SOLANA,

      Plaintiff,

v.

ALL AMERICAN WASTE & RECYCLING,
LLC AND ALEXANDER MONTEAGUDO,

      Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO SHOW CAUSE

This matter is before the Court on Enrique Arrieta Solana's ("Plaintiff") motion for an Order to Show cause against All American Waste & Recycling, LLC ("All American Waste") and Alexander Monteagudo ("Mr. Monteagudo") (collectively, "Defendants"). [D.E. 17]. Defendants responded to Plaintiff's motion on November 13, 2017 [D.E. 20] to which Plaintiff replied on November 17, 2017. [D.E. 27]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussions below, Plaintiff's motion is **DENIED**.

1

# I.   ANALYSIS

Courts may impose sanctions for litigation misconduct upon a finding of bad faith.  *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1306 (11th Cir. 2009) ("The key to unlocking a court's inherent power is a finding of bad faith.").  A court may exercise its inherent powers "even if procedural rules exist which sanction the same conduct."  *In re Mroz,* 65 F.3d 1567, 1575 (11th Cir. 1995).  However, a court must exercise its inherent powers "with restraint and discretion."  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991).  "A party demonstrates bad faith by, *inter alia,* delaying or disrupting the litigation or hampering enforcement of a court order."  *Eagle Hosp. Physicians,* 561 F.3d at 1306.  "Without a 'smoking gun' statement from the plaintiff . . . a district court makes a determination of bad faith by drawing inferences from the conduct before it."  *Byrne v. Nezhat,* 261 F.3d 1075, 1125 (11th Cir. 2001).  The court's sanctioning power is therefore broad in scope as it includes "the ability to impose civil and criminal contempt."  *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 831 (1994)); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,* 982 F.2d 363, 368 (9th Cir. 1992) ("Courts are invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to

2

achieve the orderly and expeditious disposition of cases.'") (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)).

"Under the Federal Magistrates Act, 28 U.S.C. § 636(e), magistrate judges are authorized to exercise contempt authority only in certain limited circumstances. These include summary criminal contempt authority, which may be imposed by the magistrate judge for misbehavior 'in the magistrate judge's presence so as to obstruct the administration of justice,' 28 U.S.C. § 636(e)(2), as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties.  28 U.S.C. §§ 636(e)(3), (4). Otherwise, if one has committed an act constituting a civil contempt in a proceeding before the magistrate judge, a certification procedure is used." *Martinez-Garcia v. Perez*, 2013 WL 5606366, at *3 (S.D. Ga. Oct. 11, 2013).

Generally speaking, this means that "[a]bsent full consent of all parties pursuant to 28 U.S.C § 636(c), '[m]agistrate judges must refer contempt proceedings stemming from out-of-court action/inaction to district court judges.'" *Parenteau v. Prescott Unified Sch. Dist.*, 2010 WL 729101, at *3 (D. Ariz. Mar. 2, 2010) (quoting *Wilhelm v. Yott,* 2009 WL 2244178, * 3 (E.D. Cal. 2009)); *see also Brother v. BFP Investments, Ltd.*, 2010 WL 2978077, at *1 (S.D. Fla. June 1, 2010), *Report and Recommendation adopted*, 2010 WL 2978080 (S.D. Fla. July 26, 2010) ("Under 28 U.S.C. § 636(e) . . . a magistrate judge may not exercise the contempt power of the

3

district court.  Instead, when the act complained of constitutes a civil contempt or a criminal contempt occurring outside his or her presence, the magistrate judge must certify the relevant facts to the district judge and serve the alleged contemnor with an order to show cause before the district judge why he or she should not be held in contempt on the basis of the certified facts.").

The certification of facts under section 636(e) serves to determine whether the moving party has adduced sufficient evidence to establish a prime facie case of contempt.  "To find contempt, there must be clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order."  *Brother*, 2010 WL 2978077, at *2 (citing *McGregor v. Chierico,* 206 F.3d 1378, 1383 (11th Cir. 2000); *Citronelle Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1301 (11th Cir. 1991)).  After the movant meets his initial burden, the burden shifts to the alleged contemnor to explain the noncompliance.  "To overcome a finding of contempt, the contemnor must prove that despite all reasonable efforts to comply with the court's order, compliance was impossible."  *Brother*, 2010 WL 2978077, at *2 (citing *In re Chase & Sanborn Corp.,* 872 F.2d 397, 400 (11th Cir. 1989); *United States v. Rylander,* 460 U.S. 752, 756–57 (1983); *United States v. Hayes,* 722 F.2d 723, 725 (11th Cir. 1984)).  Upon a sufficient showing by the alleged contemnor, the burden shifts back to the moving party to prove an ability to

comply.  *See Combs v. Ryan's Coal Co.*, 785 F.2d 970, 984 (11th Cir. 1986) ("The party seeking the contempt citation retains the ultimate burden of proof").

On February 15, 2017, the Court entered an Order requiring that the parties coordinate a settlement conference before the undersigned.  [D.E. 6].  A settlement conference was subsequently scheduled for May 31, 2017 and the undersigned required that "[t]he settlement conference . . . be attended by all parties and their counsel of record."  [D.E. 13].  While Plaintiff and All American Waste complied with the Court's Orders, Mr. Monteagudo did not attend the settlement conference and Plaintiff argues that Mr. Monteagudo did not have permission to be absent.

At the conclusion of the settlement conference, the undersigned required that Defendants provide Plaintiff a copy of an insurance policy for the vehicle in question (based on Ms. Monteagudo's assurances that an insurance policy exists) and that Plaintiff provide a copy of his tax returns to Defendants.  Plaintiff complied with the Court's instructions but Defendants discovered that they failed to maintain an insurance policy and therefore had nothing to produce in exchange.  As such, Plaintiff requests that the Court require Mr. Monteagudo and a representative of All American Waste to appear before the Court and show cause on why they should not be held in contempt for failing to comply with the Court's Orders.  If Defendants fail to appear for their show cause hearing, Plaintiff concludes that the Court should impose severe sanctions, including incarceration.

In response, Defendants concede that Mr. Monteagudo failed to appear at the scheduled settlement conference on May 31, 2017.  The reason for Mr. Monteagudo's nonappearance was allegedly because his attorney – through inadvertence – failed to contact Mr. Monteagudo until the day before the settlement conference.  Mr. Monteagudo purportedly stated that he was in Cuba visiting his grandmother and would be unable to return to the United States.  To remedy his nonappearance Mr. Monteagudo's wife – Ms. Monteagudo – appeared on his behalf.  Accordingly, Defendants conclude that Plaintiff's motion should be denied because (1) Mr. Monteagudo had no willful intent to defy the Court's Orders, (2) his nonappearance was premised on his attorney's inadvertent failure to alert him of the date of the settlement conference, and (3) Plaintiff's wife attended the proceedings on his behalf.

As for Plaintiff's second argument, Defendants acknowledge that they were required to provide Plaintiff with a copy of an insurance policy at the conclusion of the settlement conference.  However, Defendants claim Ms. Monteagudo was simply mistaken that an insurance policy existed.  Therefore, Defendants argue that – while it is regretful that Ms. Monteagudo provided erroneous information about the existence of an insurance policy – Ms. Monteagudo's error was not intentional and that there is no basis for a finding of contempt.

6

After full consideration of the arguments presented, we are persuaded that – while Mr. Monteagudo did not strictly comply with the Court's Orders – Mr. Monteagudo's conduct does not require a show cause hearing. The main reason a show cause hearing is unnecessary is because Mr. Monteagudo sent his wife as his personal representative with full authority to settle this case.[1] As such, this case could have been settled on May 31, 2017 – meaning the failure of Mr. Monteagudo to appear at the settlement conference did not materially alter the proceedings. Moreover, it is a well settled principle that the "[i]nadvertence of counsel . . . should not be visited on [a] client because '[a] party should not be punished for his attorney's mistake absent a clear record of delay or willful contempt.'" *Karlin v. Delta Airlines, Inc.*, 2013 WL 12142362, at *1 (S.D. Fla. Sept. 9, 2013) (quoting *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). Accordingly, Plaintiff's first argument for an Order to Show Cause lacks merit.

As for Plaintiff's second argument, a show cause hearing is also not required because, *at best*, Plaintiff can only show that Ms. Monteagudo misunderstood the existence of an insurance policy during the settlement conference. There is nothing in the record to suggest that she had any intention to mislead Plaintiff or that her conduct was willful in any way. Therefore, Plaintiff's motion for an Order to Show Cause is **DENIED**.

---

[1] Mr. Monteagudo's attorney is *strongly* advised to strictly comply with all future Court Orders. A failure to do so may result in sanctions.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for an Order to Show Cause is **DENIED**.  [D.E. 17].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of December, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

8